UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALFRED R. FAISON, et al

Plaintiffs,

v.

WELLS FARGO BANK N.A., et al

Defendants.

Civil Action No. 18-11755 (JMV)

OPINION AND ORDER

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiffs Alfred R. Faison and Elva J. Faison (collectively "Plaintiffs") for leave to file an Amended Complaint alleging additional facts for the current causes of action and removing the causes of action for violations of civil rights [ECF No. 29].[1] Defendants Wells Fargo ("Defendant" or "Wells Fargo") and Ocwen Loan Servicing LLC ("Ocwen") (collectively "Defendants") oppose Plaintiffs' motion [ECF No. 32]. The Court fully reviewed the parties' written submissions and considers Plaintiffs' motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' Motion to Amend is **GRANTED**.

**I. BACKGROUND**

This matter arises from a foreclosure action between Wells Fargo and Plaintiffs. Plaintiffs owned the real property located at 234 Lakeview Avenue, Paterson, New Jersey (the "Subject Property"). Compl. ¶ 10. Sometime in November 2006, Plaintiffs entered into a loan with BNC Mortgage Inc. *Id*. ¶¶ 11-15; *see also* ECF No. 19-3 at 2. In connection with same, Plaintiffs

---

[1] The Court notes that Plaintiffs' motion to amend does not comply with Local Civil Rule 15.1. Specifically, Plaintiffs failed to file a form of the amended pleading indicating how it differs from the pleading which is proposes to amend. *See* L. Civ. R. 15.1(a)(2). For future references, a failure to comply with the rules may lead to denial of motion.

1

executed a note secured by a mortgage on the Subject Property. ECF No. 19-3 at 2. According to Defendants, Wells Fargo is the holder of the note and Ocwen is the servicer. *Id*. Defendants allege that, in 2009, Plaintiffs defaulted on the loan by failing to make the required payments. *Id*. Plaintiffs dispute this assertion and argue that they never defaulted on their mortgage. Compl. ¶ 9.

On September 12, 2013, Wells Fargo filed a foreclosure action against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Passaic County ("Foreclosure Action"). Decl. of David Fitzgibbon, Esq. ("Fitzgibbon Decl."), Ex. A, ECF No. 19-2 at 5. Shortly thereafter, Plaintiffs removed the Foreclosure Action to this Court. *Id*. at 35. However, in December 2013, it was remanded to the Superior Court of New Jersey. *Id*. at 39. Almost three years later, in April 2016, Wells Fargo obtained a final judgment against Plaintiffs. *Id*. at 64. After entry of the final judgment, Plaintiffs filed a motion to vacate judgment which the state court denied by order dated January 17, 2017. *Id*. at 70. As a result, Plaintiffs initiated this action on July 18, 2018 by filing a Complaint [ECF No. 1], and at the same time made a motion for an order to show cause, seeking temporary restraints. *See* Compl.

In their Complaint, Plaintiffs allege claims for fraud (Count 1), violations of the Federal Fair Debt Collection Practices Act and Federal Consumer Protection Act (Count 2), civil conspiracy (Count 3), and harassment and negligent infliction of emotional distress (Count 4). *See* Compl. Before Defendants filed their response to Plaintiffs' Complaint, the Court addressed Plaintiffs' motion for an order to show cause. On July 24, 2018, the Honorable John M. Vazquez entered an Order denying Plaintiffs' motion for, *inter alia*, failing to cite any legal authority and for failing to address the necessary elements of any of Plaintiffs' causes of action. *See* ECF No. 9. Shortly thereafter, on August 10, 2018, Defendants filed a motion to dismiss Plaintiffs' Complaint. *See* ECF No. 19. In opposition, Plaintiffs' filed a motion to amend. ECF No. 29. Defendants filed

2

a response on October 1, 2018 [ECF No. 32]. While the Court makes note of Defendants' motion to dismiss, this Opinion and Order does not address the merits of said motion.[2]

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendants do not assert that Plaintiffs' motion was unduly delayed, prejudicial, or results from any bad faith, but argues that Plaintiffs' proposed amendments are futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court

---

[2] On April 16. 2019, Judge Vazquez administratively terminated Defendants' motion to dismiss [ECF No. 19] without prejudice pending a decision on Plaintiffs' motion to amend. *See* ECF No. 35.

employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Plaintiffs' proposed Amended Complaint, Defendants assert that the proposed claims are futile because the *Rooker-Feldman* doctrine requires dismissal and that Plaintiffs are barred from litigating their claims based upon the Entire Controversy Doctrine, res judicata, and/or collateral estoppel. *See* ECF No. 32. Defendants further assert that even if Plaintiffs were able to overcome these "insurmountable hurdles", Plaintiffs' claims still fail under Rule 12(b)(6). *Id*. Based on these reasons, Defendants assert that this Court should deny Plaintiffs' request to file an Amended Complaint and dismiss this action in its entirety with prejudice. *Id*.

While Defendants may be correct in their assertions regarding the viability of Plaintiffs' proposed claims, it appears to the Court that a ruling on Defendants' futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiffs' proposed amendments are clearly futile. Based on the foregoing, Plaintiffs' motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 22ⁿᵈ day of April, 2019,

**ORDERED** that Plaintiffs' motion for leave to file an Amended Complaint [ECF No. 29] is **GRANTED;** and it is further

**ORDERED** that Plaintiffs shall file and serve their Amended Complaint within **seven (7) days** from the date of this Order; and it is further

**ORDERED** that Defendants shall have **twenty-one (21) days** from the date Plaintiffs file their Amended Complaint to either answer or file an updated motion to dismiss.

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**