Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED R. FAISON and ELVA J. FAISON<br><br>*Plaintiffs*,<br><br>v.<br><br>WELLS FARGO BANK N.A., *et al.*,<br><br>*Defendants*. | Civil Action No. 18-11755<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiffs Alfred R. Faison and Elva J. Faison ("Plaintiffs") sue Defendants Wells Fargo Bank, N.A., ("Wells Fargo") and Ocwen Loan Servicing LLC ("Ocwen") (collectively "Defendants") for fraud, violation of federal consumer protection laws, breach of contract, unjust enrichment, harassment, and negligent infliction of emotional distress. D.E. 37. Currently pending before the Court is Defendants' motion to dismiss, D.E. 38, Plaintiffs' Amended Complaint, D.E. 37. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendants' motion to dismiss is **GRANTED**.

---

[1] Defendants' brief in support of their motion to dismiss will be referred to as "Defs.' Br." (D.E. 38); Plaintiffs' opposition will be referred to as "Pls.' Opp." (D.E. 39). Defendants did not reply.

I. **BACKGROUND**[2]

This matter arises from a foreclosure action involving Wells Fargo and Plaintiffs. Plaintiffs owned the real property located at 234 Lakeview Avenue, Paterson, New Jersey (the "Property"). FAC ¶ 2. In November 2006, Plaintiffs entered into a loan with BNC Mortgage Inc. *Id.* ¶¶ 15-18. Plaintiffs executed a note secured by a mortgage on the Property. *Id.*; *see also* D.E. 38-3, at 2. JP Morgan Chase ("Chase")[3] was the servicer at this time. FAC ¶ 20. From 2006 to 2009, Plaintiffs allegedly had no issues with their mortgage payment. *Id.* ¶ 21. Sometime thereafter, Chase considered Plaintiffs in default for failing to make their required payments, which Plaintiffs dispute. *Id.* ¶¶ 37-40. In 2009, Plaintiffs entered into a payment plan with Chase. *Id.* ¶¶ 39-44. Plaintiffs continued their payments under this payment plan until "late to the end of 2012." *Id.* ¶ 45. Plaintiffs allege that in October or November 2012, Chase "started to reject [Plaintiffs'] payments" and again considered the mortgage in default. *Id.* ¶ 51. Chase allegedly "ejected Plaintiffs from the loan modification program and considered the mortgage in default and also considered [Plaintiffs] ineligible for [a] loan work-out." *Id.* ¶ 52. Sometime between 2012 and 2013, Wells Fargo became "assignee of the [n]ote and [m]ortgage," and Ocwen became the servicer. *Id.* ¶ 54.

In September 2013, Wells Fargo and Ocwen filed a foreclosure action against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Passaic County ("Foreclosure Action").

---

[2] Unless stated otherwise, all facts are drawn from Plaintiffs' First Amended Complaint ("FAC"), D.E. 37. The well-pleaded facts are taken as true for the purpose of Defendants' motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

[3] Chase is no longer a defendant in this action. *See* D.E. 34.

2

*Id.* ¶ 61; D.E. 38-2, Ex. A. Plaintiffs thereafter removed the Foreclosure Action to federal court on October 31, 2013. FAC ¶ 63. In December 2013, the action was remanded to the Superior Court of New Jersey. *Id.* ¶ 64. On April 8, 2016, Wells Fargo obtained a final judgment against Plaintiffs. *Id.* ¶ 85; D.E. 38-2, Ex. I. Plaintiffs moved to vacate the final judgment in December 2016, *id.* ¶ 86, which the state court denied on January 17, 2017, *id.* ¶ 94.

Plaintiffs subsequently filed a Complaint in this case on July 18, 2018, as well as sought temporary restraints prohibiting Plaintiffs' eviction. D.E. 1, 2. The Court issued numerous orders relating to Plaintiffs' motion for temporary restraints (denying the motion several times due to the noted deficiencies, including failure to cite legal authority or address the necessary elements of Plaintiffs' causes of action) and converted the motion to one for a preliminary injunction. D.E. 4, 6, 9, 11. The Court thereafter denied Plaintiffs' motion for a preliminary injunction. D.E. 21.

Plaintiffs then filed an Amended Complaint, seeking over $35,000,000 in damages. D.E. 37. In their Amended Complaint, Plaintiffs allege four counts: fraud (Count One), violation of the "Federal Consumer Protection Act" (Count Two), breach of contract and unjust enrichment (Count Three), and harassment and negligent infliction of emotional distress (Count Four). FAC ¶¶ 113-143. Defendants moved to dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. D.E. 38. Plaintiffs filed opposition, D.E. 39, to which Defendants did not reply.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1) - Motion to Dismiss for Lack of Subject Matter Jurisdiction

In deciding a motion under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack

because the distinction determines how the pleading is reviewed.[4] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the plaintiff to prove that the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

### B. Rule 12(b)(6) - Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir.

---

[4] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

4

2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. LAW AND ANALYSIS

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine "is a 'narrow doctrine' that 'applies only in limited circumstances.'" *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312, 316 (3d Cir. 2018) (unpublished) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010). As explained by the Supreme Court, the doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Against this backdrop, the Third Circuit has made clear that *Rooker-Feldman* "does not bar suits that challenge actions or injuries underlying state court decisions – and especially those that predate entry of a state court decision – rather than the decisions themselves." *Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017). In other words, "when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court." *Great W. Mining & Mineral Co.*, 615 F.3d

at 167. As such, the *Rooker-Feldman* doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, Plaintiffs' injuries appear to arise from Defendants' actions underlying the state court judgment, rather than from the state court judgment itself. In other words, Plaintiffs' claims do not appear to "allege injuries arising from the state-court action itself." *Rodrigues*, 751 F. App'x at 316. Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not deprive this Court of subject matter jurisdiction.

### B. Fraud (Count One)[5]

Plaintiff brings Count One alleging fraud. A plaintiff must prove the following to establish common-law fraud: "'(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Banco Popular N.*

---

[5] Because the Court finds that Plaintiffs have not adequately pled their claims, the court need not address whether Plaintiffs' claims are barred by the entire controversy doctrine, res judicata, or collateral estoppel. The Court pauses to note that while it appears that some, if not all, of Plaintiffs' claims seem to arise out of the underlying mortgage transaction and thus should have been raised in the prior state proceeding, the Court is unable to discern from the information provided by the parties whether Plaintiffs' claims are, in fact, barred by the entire controversy doctrine. For example, Plaintiffs appear to contend that they attempted to raise their claims in the state court proceeding, but that the state judge declined to hear them as "beyond the scope" of the Chancery Division. Pl.'s Opp. at 9. Plaintiffs also indicated that they had ordered a transcript to that effect and would attach it as a supplemental exhibit, which they never did. *See id.* at 13. On the other hand, the various state court documents provided by Defendants mainly consist of short orders that do not aid the Court in determining whether Plaintiffs' claims are barred by the entire controversy doctrine. *See* D.E. 38-2, Ex. A-Q. As such, the Court is unable to discern whether Plaintiffs' claims are barred by preclusion.

*Am. v. Gandi*, 184 N.J. 161, 172-73 (2005) (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). For allegations sounding in fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard. Specifically, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff must plead fraud with sufficient particularity such that he puts the defendant on notice of the "precise misconduct with which [the defendant is] charged." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557. "To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Here, as an initial matter, Plaintiffs' Amended Complaint is entirely unclear as to which of the Defendants – Wells Fargo, Ocwen, or both – Count One is brought against. Plaintiffs use the singular form of "Defendant" when referring to certain allegations in Count One, but otherwise fail to identify *which* Defendant is being referred to. For example, Plaintiffs allege the following:

> Defendant has failed to request that Plaintiffs dispute the debt before Defendant started collections. FAC ¶ 114;
>
> Defendant has failed to verify the debt when Plaintiffs demanded that Defendant do so. *Id.* ¶ 115;
>
> To date, Defendant has not verified the debts. *Id.* ¶ 116; and
>
> Defendant still reports the account negatively to the credit bureaus and tarnishes Plaintiffs' credit scores. *Id.* ¶ 118.

The Court is unable to discern from these allegations which Defendant the alleged fraudulent conduct is asserted against, much less what fraudulent conduct is being alleged. To this end, Plaintiffs' fraud allegations appear to be nothing more than vague references to at least one of the

7

Defendant's failure to "request that Plaintiffs dispute the debt" and to "verify the debts," as well as the alleged reporting of Plaintiffs as delinquent to credit bureaus. *Id.* ¶¶ 114-18. The gist of Plaintiffs' allegations appear to be that "Defendants wrongfully played tricks in the foreclosure action to prevent Plaintiffs from properly defending themselves in the action." *Id.* ¶ 117. Plaintiffs' vague and conclusory allegations, however, are insufficient to satisfy the heightened pleading requirement of Rule 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged.") (internal quotations omitted). Therefore, the Court dismisses Count One.

### C. "Federal Consumer Protection Act" (Count Two)

Plaintiffs bring Count Two for violations of "federal laws meant to protect consumers from fraudulent and wrongful debt collection practices." FAC ¶ 122. Specifically, Plaintiffs allege that "Defendant[6] fail[ed] to provide a full amortization schedule and the interest rate of collection to Plaintiffs," and "keeps sending erroneous collection letters to Plaintiffs and has failed in four years to work this out with Plaintiffs or to verify the debt[.]" *Id.* ¶¶ 122-23. The only federal law allegedly violated in Count Two, however, is the "Federal Consumer Protection Act," *see id.* ¶ 123, which is not an actual federal statute. Defendants themselves also note this ambiguity and construe Plaintiffs' claim as one for violation of the Fair Debt Collection Practices Act ("FDCPA"). *See* Defs.' Br. at 16. In their opposition brief, however, it appears that Plaintiffs attempt to clarify their claims, asserting for the first time violations of the Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA"). Pls.' Opp. at 17-19. However, "it is axiomatic

---

[6] The Court again notes the lack of clarity as to which Defendant Plaintiffs are referring. Plaintiffs use the singular form of "Defendant" when referring to certain allegations in the Amended Complaint, but fail to identify *which* Defendant is being referred to.

8

that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Guers v. Jones Lang LaSalle Americas, Inc.*, No. 13-7734, 2014 WL 4793021, at *3 (D.N.J. Sept. 25, 2014) (quoting *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). The Court cannot consider claims set forth in Plaintiffs' opposition brief that were not included in their Amended Complaint. As the Amended Complaint does not identify these claims, much less sufficient factual allegations to support them, the Court dismiss Count Two.

### D. Breach of Contract and Unjust Enrichment (Count Three)

Plaintiff brings Count Three alleging breach of contract and unjust enrichment. To state a claim for breach of contract, a plaintiff must allege (1) the existence of the contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the plaintiff performed its own duties under the contract. *Faistl v. Energy Plus Holdings, LLC*, 2012 WL 3535815, at *7 (D.N.J. Sept. 4, 2012). If the court finds that the plaintiff has sufficiently pled the existence of a contract, "[t]he plaintiff must also specifically identify portions of the contract that were allegedly breached." *Id.* at *7; *see also Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing breach of contract claim because "the [c]omplaint [did] not identify the provisions [p]laintiff assert[ed] were breached" and "vaguely allude[d] to a breach of contract").

Here, Plaintiffs make the conclusory allegation that "Wells Fargo breached the mortgage" and that "Ocwen breached the trial payment plan and the mortgage." FAC ¶¶ 132-33. Moreover, Plaintiffs vaguely claim that Defendants breached the "mortgage's notice clause" by preparing the matter for foreclosure without notice to Plaintiffs and by failing to inform Plaintiffs that "Wells Fargo is the new owner," "Ocwen is the new servicer," "[t]he matter [would] be referred to legal counsel for foreclosure," "[a] loan modification work-out should and will be offered," and "[a]

9

work-out is possible and will and should be provided to Plaintiffs." *Id.* ¶¶ 57-60. While Plaintiffs allege a breach of the mortgage and trial payment plan, they do not attach as an exhibit any contract related to the mortgage or alleged payment plan, or provide any language from the contract from which the Court could plausibly infer that the mortgage or trial payment plan was, in fact, breached. The Court finds that Plaintiffs' vague allegations concerning a breach of the mortgage are insufficient to survive a motion to dismiss.

To state a claim for unjust enrichment, a plaintiff must allege "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 F. App'x 341 (3d Cir. 2010). A plaintiff must show that it expected "remuneration from defendant at the time it performed or conferred a benefit on defendant." *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. Nov. 24, 2014). Here, as an initial matter, Plaintiffs make no reference to unjust enrichment under Count Three. As far as the Court can discern, the only allegation related to unjust enrichment is as follows:

> By obtaining the final judgment on fraudulent conduct, Defendants Wells Fargo and Ocwen, and Defendant Chase, were unjustly enriched by the payments made by Plaintiffs, not accounted for, the Final Judgment also calculating the erroneous amounts that were not legally or factually due, and all the accrued interest, penalties, and fees that [] Defendants Wells Fargo and Ocwen claimed due and owing during the course of the foreclosure (these amounts only considered due because Defendants as a whole caused Plaintiffs to go into default and then kept them in that state without fixing the error).

FAC ¶ 97. Plaintiffs, however, fail to plead plausible facts to support their contention that Defendants were unjustly enriched by what Plaintiffs contend were unaccounted-for payments. Accordingly, the Court dismisses Count Three.

10

### E. Negligent Infliction of Emotion Distress (Count Four)

Plaintiffs bring Count Four for harassment and negligent infliction of emotional distress.[7] A plaintiff must demonstrate the following to establish such a claim: "'(1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between the plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress.'" *Est. of Rosario v. Paterson Police Dept.*, No 14-5167, 2016 WL 6540447, at *2 (D.N.J. Nov. 3, 2016) (quoting *Portee v. Jafee*, 642 A.2d 372, 417 (N.J. 1980)).

Here, Plaintiffs allege that "Defendant would call Plaintiff more than five times a day and more than twenty times a week in trying to solicit payments," and that "Defendant sent threatening letters and emails to Plaintiff[s] and did not advise Plaintiff[s] of their rights," which in turn "ruined Plaintiffs' lives and put them in such fear and distress that it caused Plaintiffs[] sleepless nights, the need for therapy, loss of appetite, worry, anxiety, and diminished health." FAC ¶¶ 135-141. However, Plaintiffs fail to plausibly allege that Defendants' purported negligence resulted in the "death or serious physical injury of another," that there existed a "marital or intimate, familial relationship between the plaintiff and the injured person," or that Plaintiffs witnessed "the death or injury at the scene of the accident." *See Est. of Rosario*, 2016 WL 6540447, at *2. Accordingly, the Court dismisses Count Four.

---

[7] The Court notes that Plaintiffs appear to conflate the legal standard for negligent infliction of emotional distress ("NIED") with that of intentional infliction of emotional distress ("IIED"). *See* Pls.' Opp. at 20-21 (noting that Plaintiffs' claim is for NIED, but then citing certain requirements of IIED).

11

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' Amended Complaint. Plaintiff is provided thirty (30) days to file another amended complaint that cures the deficiencies noted herein. If Plaintiff fails to do so, then the complaint will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: February 4th, 2020

                                                John Michael Vazquez, U.S.D.J.