**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED R. FAISON and ELVA J. FAISON<br><br>*Plaintiffs*,<br><br>v.<br><br>WELLS FARGO BANK N.A., *et al.*,<br><br>*Defendants*. | Civil Action No. 18-11755<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  This matter arises from a residential mortgage that resulted in a foreclosure action in New Jersey state court. Currently pending before the Court is the motion to dismiss the Second Amended Complaint ("SAC") filed by Defendants Wells Fargo Bank, National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1 ("Wells Fargo"), and Ocwen Loan Servicing, LLC ("Ocwen"). D.E. 46. Plaintiffs Alfred and Elva Faison filed a brief in opposition to the motion, D.E. 48, to which Defendants replied, D.E. 50. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendants' motion to dismiss is **GRANTED**.

---

[1] Defendants' brief in support of their motion to dismiss will be referred to as "Defs' Br." (D.E. 46-2); Plaintiffs' opposition will be referred to as "Plfs' Opp." (D.E. 48); and Defendants' reply brief will be referred to as "Defs' Reply" (D.E. 50).

**I.    BACKGROUND**[2]

Plaintiffs owned the real property located at 234 Lakeview Avenue, Paterson, New Jersey (the "Property"). SAC ¶¶ 2, 7. In November 2006, Plaintiffs entered into a loan with BNC Mortgage Inc. *Id.* ¶¶ 11-15. JP Morgan Chase ("Chase") "took over servicing at the closing." *Id.* ¶ 16. Sometime between 2012 and 2013, Wells Fargo became "assignee of the [n]ote and [m]ortgage," and Ocwen became the servicer. *Id.* ¶ 50. Before this occurred, Plaintiffs allege that in October or November 2012, JP Morgan Chase[3] "started to reject [Plaintiffs'] payments" and considered the mortgage in default. *Id.* ¶ 47. Chase allegedly "ejected Plaintiffs from the loan modification program" that Plaintiffs were participating in, and "considered the mortgage in default and also considered [Plaintiffs] ineligible for [a] loan work-out." *Id.* ¶ 48.

In September 2013, Wells Fargo and Ocwen filed a foreclosure action against Plaintiffs in the Superior Court of New Jersey, Chancery Division, Passaic County ("Foreclosure Action"). *Id.* ¶ 57; D.E. 47-1. On April 8, 2016, Wells Fargo obtained a final judgment against Plaintiffs in the Foreclosure Action. *Id.* ¶ 81; D.E. 47-9. Plaintiffs moved to vacate the final judgment in December 2016, *id.* ¶ 82, which the state court denied on January 17, 2017, *id.* ¶ 90.

Plaintiffs subsequently filed this matter on July 18, 2018, and sought temporary restraints prohibiting Plaintiffs' eviction. D.E. 1, 2. The Court issued numerous orders relating to Plaintiffs' motion for temporary restraints (denying the motion several times due to the noted deficiencies,

---

[2] Unless stated otherwise, all facts are drawn from Plaintiffs' Second Amended Complaint ("SAC"), D.E. 45. The well-pleaded facts are taken as true for the purpose of deciding Defendants' motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

[3] Chase is no longer a Defendant in this action. *See* D.E. 34.

2

including failure to cite legal authority or address the necessary elements of Plaintiffs' causes of action) and converted the motion to one for a preliminary injunction. D.E. 4, 6, 9, 11. The Court thereafter denied Plaintiffs' motion for a preliminary injunction. D.E. 21.

Plaintiffs then filed an Amended Complaint, seeking over $35,000,000 in damages. D.E. 37. Defendants moved to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim, D.E. 38, which was granted on February 4, 2020, D.E. 40, 41. Specifically, Plaintiffs' claims were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice, and the Court granted Plaintiffs leave to file another amended complaint. D.E. 41. Plaintiffs filed the SAC on March 31, 2020, which asserts claims for fraud (Count One), a due process violation (Count Two), breach of contract and unjust enrichment (Count Three), and a claim for "expenses for wrongful moving" (Count Four). D.E. 45. Defendants subsequently filed the instant motion to dismiss, seeking to dismiss two of Plaintiffs' claims for lack to subject-matter jurisdiction[4] and the entire pleading for failure to state a claim.

---

[4] Defendants seek to dismiss Counts Two and Four of the SAC pursuant to the *Rooker-Feldman* doctrine, which when applicable "prohibits the district court from exercising jurisdiction." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). The *Rooker-Feldman* doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). In the February 4 Opinion, the Court concluded that the doctrine did not deprive the Court of jurisdiction because "Plaintiffs' claims do not appear to allege injuries arising from the state-court action itself." Feb. 4 Opinion at 6 (quoting *Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312, 316 (3d Cir. 2018)). The same conclusion appears applicable to Count Two because Plaintiffs' allegations in Count Two are largely unchanged from the FAC. Similarly, Count Four does not appear to be barred by the doctrine because it addresses actions that allegedly occurred after Plaintiffs' filed this matter. Nevertheless, because the Court finds the failure to state a claim argument to be dispositive, it does not reach the subject-matter jurisdiction issue.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III.  ANALYSIS

### A.  Fraud (Count One)

Plaintiffs reassert a claim for fraud in Count One of the SAC.  The Court previously dismissed Plaintiffs' fraud claim because it was vague and conclusory.  Moreover, Plaintiff failed to attribute any specific statements to either Defendant. Feb. 4 Opinion at 7-8, D.E. 40.  A plaintiff must prove the following to establish common-law fraud: "'(1) a material misrepresentation of a

4

presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005) (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)).[5] For allegations sounding in fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard. Specifically, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A plaintiff must plead fraud with sufficient particularity such that he puts the defendant on notice of the "precise misconduct with which [the defendant is] charged." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557. "To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

In the SAC, Plaintiffs explain that they are referring to Defendants collectively. SAC ¶ 110. Nevertheless, Plaintiffs fail to put Defendants on notice of their precise misconduct. For example, Plaintiffs must identify *which* Defendant "failed to give proper notice to Plaintiffs," *id.* ¶ 123, did not provide a full amortization schedule, *id.* ¶ 124, or sent erroneous collection letters, *id.* ¶ 125. Plaintiffs' vague allegations as to Defendants' collective conduct are insufficient to satisfy the heightened pleading requirement of Rule 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) ("Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of

---

[5] The parties have not provided any choice of law analysis and appear to presume that New Jersey substantive law applies to Plaintiffs' claims. Accordingly, the Court also applies New Jersey substantive law.

the precise misconduct with which [it is] charged.") (internal quotations omitted). Moreover, even if the Court were to accept Plaintiffs' representation that both Defendants were involved in the allegedly wrongful conduct, Plaintiffs fail to set forth how the allegedly wrongful conduct amounts to a misrepresentation of a fact. Plaintiffs fails to state a fraud claim, and Count One is dismissed.

### B. Due Process Violation (Count Two)

Although Count Two is entitled "Due Process," Plaintiffs appear to assert a number of claims in this count including a due process claim, an equal protection claim, and violations of the "Federal Consumer Protection Act". SAC ¶¶ 121-29. First, Plaintiffs seem to reassert their Section 1983 claim in Count Two, which they also pled in the initial Complaint. Claims for constitutional violations, such as due process and equal protection claims, must be brought through 42 U.S.C. § 1983. *See Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). To state a § 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."[6] *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). Plaintiffs do not plead that either Defendant is a state actor, and in their opposition brief, concede that Wells Fargo and Ocwen are not state actors. Plfs' Opp. at 18. As a result, Plaintiffs' due process and equal protection claims are dismissed.

---

[6] Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

Next, in their opposition brief Plaintiffs also seek to clarify that the "Federal Consumer Protection Act" referenced in the SAC is actually a claim under the Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA"). Plfs' Opp. at 17-19. As explained in the February 4 Opinion, Plaintiffs cannot amend their pleading through their opposition brief. Feb. 4 Opinion at 8-9 (quoting *Guers v. Jones Lang LaSalle Ams., Inc.*, No. 13-7734, 2014 WL 4793021, at *3 (D.N.J. Sept. 25, 2014)). Accordingly, the Court will not consider Plaintiffs' allegations in their opposition brief as to the TILA and HOEPA. Because these statutes are not identified in the SAC and Plaintiffs fail to plead sufficient factual allegations to support them, Plaintiffs' Federal Consumer Protection Act claims are also dismissed. Count Two is dismissed in its entirety.

### C. Breach of Contract and Unjust Enrichment (Count Three)

Plaintiffs assert breach of contract and unjust enrichment claims in Count Three. To state a claim for breach of contract, a plaintiff must allege (1) the existence of the contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the plaintiff performed its own duties under the contract. *Faistl v. Energy Plus Holdings, LLC*, No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012). If the court finds that the plaintiff has sufficiently pled the existence of a contract, "[t]he plaintiff must also specifically identify portions of the contract that were allegedly breached." *Id.* at *7; *see also Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459 (D.N.J. 2009) (dismissing breach of contract claim because "the [c]omplaint [did] not identify the provisions [p]laintiff assert[ed] were breached" and "vaguely allude[d] to a breach of contract").

Plaintiffs' breach of contract claim was dismissed in the February 4 Opinion because Plaintiffs' allegations were vague and failed to identify specific contract language. Feb. 4 Opinion

at 8-9. Plaintiffs fail to remedy these shortcomings in the SAC. Plaintiffs generally allege that Defendants breached the mortgage and trial payment plan agreements. SAC ¶ 134. But Plaintiffs still fail to identify any specific portions of the mortgage and trial payment plan that were breached. Thus, Plaintiffs fail to state a breach of contract claim.

To state a claim for unjust enrichment, a plaintiff must allege "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd*, 374 F. App'x 341 (3d Cir. 2010). A plaintiff must show that it expected "remuneration from defendant at the time it performed or conferred a benefit on defendant." *Yingst v. Novartis AG*, 63 F. Supp. 3d 412, 417 (D.N.J. Nov. 24, 2014). As with the FAC, except for the title, Plaintiffs make no reference to unjust enrichment in Count Three. But in their opposition brief, Plaintiffs contend that Defendants were unjustly enriched because they collected $45,000 in trial and mortgage payments without properly attributing them to the Plaintiffs' account. Plfs' Opp. at 20. Plaintiffs making passing reference to this conduct in paragraph 93 of the SAC. But outside of conclusory statements, Plaintiffs fails to plead facts that sufficiently establish a claim for unjust enrichment. Consequently, Count Three is also dismissed in its entirety.

### D. Expenses for Wrongful Moving (Count Four)

Through Count Four, Plaintiffs seek to recover an alleged overcharge and out-of-pocket expenses that they were forced to incur when they were evicted from their home. SAC ¶¶ 148-51. Plaintiffs, however, fail to provide any legal basis demonstrating that they are entitled to recover these expenses.[7] Thus, Count Four is dismissed.

---

[7] In their opposition brief Plaintiffs seem to construe Count Four as a tort claim. Plfs' Opp. at 20. As discussed, a plaintiff cannot amend his pleading through an opposition brief. *Guers*, 2014 WL

8

In sum, the SAC is dismissed in its entirety for failure to state a claim. Because the SAC is dismissed, the Court will not address Defendants' remaining arguments as to dismissal.

### E. Dismissal with Prejudice

When dismissing a claim, a court must grant leave to amend "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id*. at 115. Plaintiffs have had numerous attempts to assert cognizable claims in this matter. Most recently with the SAC, Plaintiffs failed to state any cognizable counts, and many of the claims were substantially similar to claims that have already been dismissed. The Court previously explained the deficiencies of Plaintiffs' pleading, but Plaintiffs have made little or no effort to address the shortcomings. Accordingly, the Court concludes that Plaintiffs have not made the substantive changes because they are unable to do so. As a result, providing Plaintiffs with leave to file another amended pleading would be futile. The SAC, therefore, is dismissed with prejudice. *See, e.g.*, *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2014 WL 3853900, at *9 (D.N.J. Aug. 5, 2014) (dismissing claims with prejudice where court already provided plaintiff with leave to amend and amended pleading "suffer[ed] from many of the same pleading deficiencies previously identified by the Court").

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' Second Amended Complaint with prejudice. An appropriate Order accompanies this Opinion.

Dated: December 21, 2020

                                                                   _____
                                                                   John Michael Vazquez, U.S.D.J.

---

4793021, at *3. Moreover, even if the Court were to construe Count Four as a tort claim, it would still be dismissed as Plaintiffs do not even explain what tort they are asserting.